**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| SUFFOLK TECHNOLOGIES, LLC )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>AOL INC. and GOOGLE INC. )<br>)<br>Defendants. )<br>) | Civil Action No. 1:12-CV-625 TSE/IDD |

## CORRECTED AND AMENDED JOINT DISCOVERY PLAN[1]

Plaintiff Suffolk Technologies, LLC ("Suffolk" or "Plaintiff") and Defendants AOL Inc. ("AOL") and Google Inc. ("Google") (collectively "Defendants") jointly submit this ***Corrected*** and Amended Discovery Plan conforming to the Court's August 10, 2012 Order [Dkt. no. 56], and the Magistrate Judge's directives at the Rule 16(b) conference, held on September 7, 2012, and subsequent Order [Dkt. Nos. 112 & 113]:[2]

## BACKGROUND

On August 3, 2012, Suffolk filed its First Amended Complaint against Defendants AOL and Google for infringement of Suffolk's U.S. Patent Nos. 6,334,132 and 6,081,835 [Dkt. No.

---

[1] Since filing the Amended Joint Discovery Plan [Dkt. No. 118], counsel identified additional errors that needed correction, and which are corrected herein.

[2] This plan includes dates outside the cut-off date set by the Court [Dkt. No. 56]. The Court has now granted an extension of the discovery period [Dkt. No. 113].

52]. On August 17, 2012, both Defendants filed answers to the First Amended Complaint, and AOL filed counterclaims [Dkt. Nos. 60 and 62]. In addition, AOL filed a motion to dismiss claims for indirect infringement for failure to state a claim [Dkt. No. 57], and Google filed a motion to sever and transfer [Dkt. No. 67]. Those motions were heard on September 7, 2012, and have been denied [Dkt. Nos. 114, 115 & 116].

On August 24, 2012, the parties held an initial Rule 26(f) conference by telephone. Counsel on behalf of Suffolk, AOL, and Google participated in the conference.[3] Additional follow-up calls were convened for the final negotiations and editing of the plan.

## I. PROTECTIVE ORDER

The parties shall submit a stipulated protective order to the Court on or before September 14, 2012 or, should they fail to agree by that date, they shall file any motion for entry of a protective order by September 14, 2012, and notice it for hearing on September 21, 2012. The parties mutually agree that, until the Court enters a Protective Order, all documents and things produced pursuant to this Plan and in response to discovery requests shall be treated by the receiving party as CONFIDENTIAL OUTSIDE COUNSEL ONLY, or, if applicable, RESTRICTED CONFIDENTIAL – SOURCE CODE.[4] In no event shall any party withhold

---

[3] *For Suffolk:* Craig C. Reilly, Roderick G. Dorman, Jeanne E. Irving, Marc Morris, Alan Block, and Leaf Williams. *For Both Defendants:* Stephen E. Noona, Christa M. Anderson, and Audrey Walton-Hadlock. *Additional Counsel for AOL:* Bradford P. Lyerla, Paul D. Margolis, and Joseph A. Saltiel. *Additional Counsel for Defendants:* David A. Perlson and Rebecca A. Bers.

[4] Designation of material as CONFIDENTIAL OUTSIDE COUNSEL ONLY or as RESTRICTED CONFIDENTIAL – SOURCE CODE limits access to that material to outside counsel of record until a Protective Order is entered.

producing its documents and things based on confidentiality concerns (other than third-party obligations) or the fact that the Protective Order has not yet been entered.

## II. DISCOVERY SCHEDULE

A. The parties agree to serve their Rule 26(a)(1) disclosures on September 7, 2012. The parties further agree that, for all service required in this lawsuit, service by electronic means shall be deemed equivalent to hand delivery.

B. Amended Pleadings, including adding additional parties, may be filed without leave of Court on or before October 5, 2012. Thereafter, pleadings may be amended only with leave of Court, and only upon a showing of good cause.

C. On or before August 31, 2012, Suffolk shall serve an "Initial Identification of Accused Products and Methods." On or before September 12, 2012, Suffolk shall serve an "Initial Disclosure of Asserted Claims and Infringement Contentions" that identifies separately, and as specifically as possible, the following information:

    1. Identify each asserted claim allegedly infringed by each Defendant and the specific product or practice that infringes each claim so identified.

    2. For accused products, if any, a claim chart identifying specifically where each limitation of each asserted claims is found within each accused device, including for each limitation that Suffolk contends is governed by 35 U.S.C. § 112(6) (means-plus-function), the identify of the structure(s), act(s), or material(s) in the accused device that corresponds to the structure identified in the patent specification that performs the claimed function.

    3. For accused methods, if any, a claim chart identifying specifically how each limitation of each asserted method claim is practiced.

    4.    Whether each limitation of each asserted claim is claimed to be literally infringed or infringed under the doctrine of equivalents in the accused device or method.

    5.    For any claim of priority earlier than that listed on the face of the patent, the priority date to which each asserted claim allegedly is entitled.

    6.    For each claim of each patent-in-suit that is allegedly infringed, the identity of the applicable statutory subsections of 35 U.S.C. § 271 asserted.

    7.    The foregoing disclosure requirements do not limit the parties' rights to initiate or oppose discovery, nor limit their rights to timely supplement or otherwise amend their disclosures.

D.    Together with the "Initial Disclosure of Asserted Claims and Infringement Contentions," Suffolk shall produce, or make available for inspection and copying, the following, to the extent these items are in Suffolk's possession, custody, or control:

    1.    A copy of the file history for each patent.

    2.    All documents evidencing ownership of the patent rights by Suffolk.

    3.    All rulings in any other cases in which the patents have been asserted, regarding claim construction, validity, infringement, license defense, enforceability, and any other defenses.

E.    Defendants shall serve their "Preliminary Invalidity Contentions" on or before September 26, 2012, which must identify as specifically as possible the following, and be accompanied by a production of prior art documents identified below:

    1.    A chart identifying specifically in each alleged item of prior art where each limitation of each asserted claim is found, including for each limitation that Defendants contend is governed by 35 U.S.C. § 112(6), the identify of the structure(s),

act(s), or material(s) in each item of prior art that corresponds to the structure identified in the patent specification that performs the claimed function.

  2. Any grounds of invalidity for any of the asserted claims based on non-patentable subject matter under 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2), or enablement or written description under 35 U.S.C. § 112(1).

  3. Each item or combination of prior art that each Defendant contends renders each specified claim obvious and all the reasons therefor.

  4. Each item of prior art that each Defendant contends anticipates each asserted claim.

  5. A copy of each item of prior art identified by Defendants that does not appear in the file history of the patents at issue (together with any English translations of the documents completed prior to this litigation).

 F. On September 14, 2012, Defendants shall produce or make available for inspection and copying the following: One sample or documentation sufficient to show the operation of each accused product or method made, used, sold and/or imported in the United States specifically identified in Suffolk's "Initial Identification of Accused Products and Methods."

 G. **Discovery limitations:** the parties further agree as follows:

  1. Plaintiff may serve a maximum of 25 requests for admission to each of the Defendants, exclusive of requests for admission directed to the authenticity of documents. Each Defendant may serve a maximum of 25 requests for admission on Plaintiff, exclusive of requests for admission directed to the authenticity of documents.

  2. The total number of non-expert deposition hours taken, including party and non-party depositions, shall not exceed 125 hours per side, with no deposition of any

witness, exceeding 7 hours of deposition time.  In the event a party determines that a personal deposition needs more than seven hours, the parties agree to meet and confer in good faith to establish an appropriate time limit.  Any testifying expert may be deposed, and each expert deposition shall not exceed 7 hours.

       3.       For depositions that require translation, the maximum deposition time shall be no more than ten-and-a-half (10.5) hours.

       4.       In the event that a party determines that additional depositions are necessary, the parties agree to meet and confer in good faith in order to modify the limits established above.

       5.       If a party accused of infringement intends to assert advice of counsel in its defense to an allegation of willful infringement, it must disclose that on or before October 9, 2012 and produce all relevant documents within the scope of any waiver.

       6.       Within 2 business days of receipt of documents subpoenaed from a non-party, the receiving party will either produce those documents to all other parties or otherwise make them available for inspection and copying, the copying expense to be borne by the other parties.

       7.       The parties are discussing issues regarding disclosure and discovery of electronically stored information ("ESI") and email and are currently working on a separate agreement concerning this subject matter, which, if agreement can be reached, shall be filed no later than September 14, 2012 (or such later date as agreed to by the Court).  In addition to addressing the format of ESI productions, the parties expect that the ESI agreement will address several other issues, including the following:  (1) a "rolling production" schedule for responsive documents, subject to a negotiated substantial completion date and reasonable prioritization of productions; and (2)

limitations on potential sources of ESI that must be searched. If no agreement can be reached, the parties shall file a motion on September 14, 2012 to be heard on September 21, 2012.

H. All initial expert reports (i.e., for matters on which a party bears the burden of proof) shall be served on or before November 9, 2012. All rebuttal reports shall be served on or before November 30, 2012. Expert depositions shall begin no earlier than December 3, 2012 and shall close on December 21, 2012. The parties shall be permitted to amend expert reports within fourteen (14) days after the Court has ruled upon claim construction issues.

I. A claim construction hearing shall be held on a date certain set by the Court. In addition to any means-plus-function claims that are asserted (which must be construed by the Court), the parties agree to submit no more than ten (10) claim terms to the Court for construction. Unless otherwise set by the Court, the parties agree to the following schedule for identification of claim terms, proposed constructions, and briefing:

(1) On October 19, 2012, each party shall simultaneously serve (but not file) a list of claim terms said party believes require construction;

(2) On October 26, 2012, each party shall simultaneously serve (but not file) proposed constructions for each claim term identified by that party for construction;

(3) The parties shall forthwith meet and confer to narrow the areas of disagreement, shall prepare a stipulated chart of any claim terms and their agreed upon constructions, and identify up to ten (10) claim terms to submit to the Court for construction in addition to any means-plus-function claims that are asserted, which must be concluded not later than January 4, 2013;

(4) On January 4, 2013, each party shall file its opening claim construction brief; and

      (5)    On January 18, 2013, each party shall file its opposition claim construction brief;

  J.    A hearing on any dispositive or Daubert motions shall be held on a date certain set by the Court. Unless otherwise set by the Court, the parties agree to the following briefing schedule:

      (1) Opening briefing for any summary judgment or *Daubert* motions shall be filed on February 1, 2013;

      (2) Opposition briefs to said motions for summary judgment and *Daubert* motions shall be filed no later than February 15, 2013; and

      (3) Reply briefs for said motions for summary judgment and *Daubert* motions shall be filed no later than February 21, 2013.

Nothing in the above provisions prevents a party from filing a motion for summary judgment at a date earlier than February 1, 2013 and, for such earlier-filed motions, the parties shall negotiate a reasonable schedule for briefing said motion.

## III.    SETTLEMENT CONFERENCE

The parties have not yet actively pursued settlement discussions. A settlement conference may be requested at any time in the case. The Court may refer the parties to consult with a Magistrate Judge regarding settlement.

## IV.    PRETRIAL CONFERENCE

The parties shall appear for a pretrial conference on November 15, 2012, at 11:00 a.m., as originally set by the Court [Dkt. No. 56]; however, the parties shall file and serve their Rule 26(a)(3) pretrial disclosures and a list of the exhibits to be used at trial, a list of the witnesses to be called at trial and a written stipulation of uncontested facts on or before January 4, 2013, and shall file and serve their objections to one another's pretrial disclosures on or before January 18,

2013.  On or before January 4, 2013, each side will provide to the other PDF copies of the exhibits on its exhibit list.

**V.      OTHER MATTERS**

    A.      The parties have met and conferred to discuss the length of the trial and the amount of time that will be required to prepare this case for trial.  The parties understand that the Court's current schedule contemplates a trial commencing in or around December 2012 or January 2013.  The parties also recognize that the setting of the trial date is entirely within the Court's discretion.  The parties, however, respectfully and jointly request that this case be afforded additional time to prepare for trial, resulting in a trial date set at the Court's discretion no earlier than March 25, 2013.  The parties believe this additional time is needed to prepare this matter for trial, and also will not conflict with the current trial schedules of the lead counsel for the parties in this case.[5]  The parties also expect the trial of this matter, as presently framed, may require up to nine to twelve (9 – 12) trial-days.

    B.      The parties do not agree to proceed to trial before a magistrate judge.

    C.      A jury trial has been demanded.

    D.      The Parties may modify this Order only by written agreement or by order of the Court and only to the extent such agreement does not conflict with any other Order of the Court.  Nothing in this Order shall be construed as precluding any Party from seeking a modification to this Order.

---

[5] Lead counsel for Defendants currently has a trial set before the ITC on February 25, 2013, and is anticipated to end by March 11, 2013.  Lead counsel for Plaintiff has conflicting trial dates in that same time period (and his calendar will be available at the Rule 16(b) conference).

**JOINTLY SUBMITTED:**

Dated: September 14, 2012

| | |
|---|---|
| /s/ Craig C. Reilly<br>Craig C. Reilly VSB # 20942<br>111 Oronoco Street<br>Alexandria, Virginia 22314<br>TEL: (703) 549-5354<br>FAX: (703) 549-2604<br>E-MAIL: craig.reilly@ccreillylaw.com<br>*Counsel for Plaintiff* | /s/ Stephen E. Noona<br>Stephen E. Noona VSB # 25367<br>Kaufman & Canoles, P.C.<br>150 W. Main Street, Suite 2100<br>Norfolk, VA 23510<br>TEL: (757) 624-3239<br>FAX: (757) 624-3169<br>E-MAIL: senoona@kaufcan.com<br>*Counsel for Defendants* |
| Roderick G. Dorman, *Pro Hac Vice*<br>Jeanne Irving, *Pro Hac Vice*<br>Alan P. Block, *Pro Hac Vice*<br>MCKOOL SMITH HENNIGAN, P.C.<br>865 South Figueroa Street, Suite 2900<br>Los Angeles, CA 90017<br>Telephone: (213) 694-1200<br>Facsimile: (213) 694-1234<br>Email: rdorman@mckoolsmithhennigan.com<br>jirving@mckoolsmithhennigan.com<br>ablock@mckoolsmithhennigan.com<br>*Counsel for Plaintiff* | Robert Van Nest (*pro hac vice*)<br>Christa M. Anderson (*pro hac vice*)<br>Keker & Van Nest LLP<br>633 Battery Street<br>San Francisco, CA 9411<br>GoogleServiceList-Suffolk@kvn.com<br>*Counsel for Defendants* |
| Doug Cawley, *Pro Hac Vice*<br>J. Austin Curry, *Pro Hac Vice*<br>MCKOOL SMITH P.C.<br>300 Crescent Court<br>Suite 1500<br>Dallas, Texas 75201<br>Telephone: (214) 978-4000<br>Facsimile: (214) 978-4044<br>Email: dcawley@mckoolsmith.com<br>Email: acurry@mckoolsmith.com<br>*Counsel for Plaintiff* | Bradford P. Lyerla *(pro hac vice)*<br>Paul D. Margolis *(pro hac vice)*<br>Joseph A. Saltiel *(pro hac vice)*<br>Jenner & Block LLP<br>353 N. Clark Street<br>Chicago, IL 60654-3456<br>JBAOL_Suffolk@jenner.com<br>blyerla@jenner.com<br>pmargolis@jenner.com<br>jsaltiel@jenner.com<br>*Counsel for Defendant AOL Inc.* |

David A. Perlson (*pro hac vice*)
David L. Busker (*pro hac vice*)
Antonio R. Sistos (*pro hac vice*)
Margaret P. Kammerud (*pro hac vice*)
Rebecca A. Bers (*pro hac vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
davidperlson@quinnemanuel.com
davidbilsker@qumnemanuel.com
antoniosistos@quinnemanuel.com
megkammerud@quinnemanueLcom
rebeccabers@quinnemanuel.com
*Counsel for Defendants*